## Pringle v. Adams.

### (Decided March 20, 1923.)

## Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills—Whole Instrument Looked to to Construe Ambiguous Codicil. —Where a codicil was ambiguous, because it gave in trust for the grandchildren, who under the will were given the remainder in fee, the interest of their mother, which was a life estate, the whole will must be looked to to determine what the testator meant by the language employed.

2. Wills—Codicil in Favor of Children of Deceased Daughter Held to Give Them a Fee.—Where a will devised land to testator's daughter for her separate use and benefit, and at her death to descend to her children equally without power to sell or incumber it, and a codicil executed after the daughter's death devised the tract to the son-in-law, to be held by him until his youngest child arrived at the age of 21 years, and then to be turned over to the three children of the deceased daughter, to be held by them under the same conditions and restrictions as it would have been held by their mother, the codicil, when construed with the intention manifested by the whole will to treat all daughters and their children equally, giving the daughters a life estate and the grandchildren a vested remainder, gives the grandchildren a vested remainder and not merely a life estate, though their mother had only a life estate, so that they could convey good title to the property.

POPE NICHOLAS for appellant.

B. H. FARNSLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

While this action is one in the nature of specific performance, it involves directly the construction of the last will of Thomas Lewis made May 8, 1885. Lewis

was a resident of Jefferson county and owned quite a number of separate tracts of real property. He had four daughters, all married at the time of the making of his will. Item 2 of the will reads as follows:

"I give and devise to my daughter Alice Adams, the wife of Wm. P. Adams, of Jefferson county, Kentucky, all of the one hundred acre tract of land that I received from my father, including the brick homestead in which I now reside, said land to be surveyed by the deed to my father. To be held by my said daughter Alice to her own separate use and benefit, during her natural life, free from the debts of her said husband Wm. P. Adams, or any other husband she may hereafter have. And at her death said tract of land shall descend to the children of her body equally. Nor shall the said Alice by herself or jointly with her said husband Wm. P. Adams, or with any other husband, that she may hereafter have, sell or encumber by mortgage, or in any other way said tract of land, or any part thereof."

The property referred to in the foregoing paragraph of the will is the same in controversy in this action.

After the execution of the will and before the death of the testator, his daughter Alice Adams, died, survived by her children: Emily, Laura and Wm. Chester. The testator then added codicil number 1 to his will. It reads:

"Since making the above will, my daughter Alice Adams having departed this life leaving three children, Emily, Laura and Wm. Chester, I hereby declare this as my first codicil to my will.

"1. The tract of land devised in will to my daughter, Alice Adams, I now devise to my son-in-law Wm. P. Adams, to be held, used and controlled by him, free from the claim of any person whatever (he paying all the taxes, repairs and insurance on the same) until his child Wm. Chester Adams arrives at the age of twenty-one years of old at which time he is to turn the land over to his three children, Emily, Laura and Wm. Chester Adams, to be held by them under the same conditions and restrictions as it would have been held by their mother Alice Adams."

Under the provision of this codicil it is contended by the appellant Pringle that the children of Alice Adams, namely, Emily, Laura and Wm. Chester, take only a life estate—not a fee—and therefore the said children who are now proposing to convey the lands mentioned in

the will to appellant Pringle, are not the owners thereof and cannot convey a merchantable title. That contention is based upon the theory that as Mrs. Alice Adams was given only a life estate in the original will, provision 2 of which is copied above, and the codicil provides that the husband, Wm. P. Adams, shall on the arrival of Wm. Chester Adams at the age of twenty-one years, turn the land over to his children, Emily, Laura and Wm. Chester Adams, to be held by them *under the same conditions and restrictions* as it would have been held by their mother Alice Adams, the children took only a life estate. True it is that Alice Adams, under the second paragraph of her father's will, was given merely a life estate, but it is equally true that he gave by the same paragraph of the will a fee in remainder to her three children, all of whom were then in being. The codicil is ambiguous; we must, therefore, look to the whole will to determine what the testator meant by the language employed. To each of his four married daughters he gave tracts of real property for life, with remainder in fee to the heirs of their body. Alice was treated just as the other daughters. She was given a life estate in the land allotted to her with remainder to her three children. Upon her death the testator added the codicil, placing the property in the custody of his "son-in-law, Wm. P. Adams, father of the children, to be held, used and controlled by him, free from the claim of any person whatsoever (he paying all the taxes, repairs and insurance on the same) until his child Wm. Chester Adams arrives at the age of twenty-one years, at which time he is to turn the land over to his three children." We-can think of no good reason why the testator, whom we must presume loved his children and grandchildren equally—for he provided for them in that manner—should have reduced the estate given to his orphaned grandchildren while leaving a fee in his other grandchildren whose parents were yet living. Plainly the testator manifested in different parts of his will his purpose.to vest a life estate only in his daughters, the parents, and to give to his grandchildren the fee in his real property. This appears over and over throughout the instrument. In attempting to manifest this purpose he wrote the codicil employing inapt words. He intended to place his son-in-law, Wm. P. Adams, in the same relation to the property, at least during the minority of his children, which his daughter Alice would have sus-

tained to the same property had she survived the testator. While the words he employed inaptly express his manifest intention as gathered from the entire instrument, we do not think the letter should prevail over the spirit of the testament.

The chancellor held that the testator intended to vest his grandchildren, Emily, Laura and Wm. Chester, with the fee to the real property in controversy. We think he reached the correct conclusion. It follows, therefore, that the deed tendered by Wm. Chester Adams, etc., to appellant Pringle was sufficient to and will, when accepted, pass to her a good merchantable title to the said real property, and she should have accepted the same, and will be allowed to do so on the payment of the money adjudged to be due by her.

For the reasons indicated the judgment is affirmed. Judgment affirmed.